UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MAURICE S. PEGG, | ) | CASE NO. 4:09 CV 2180 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| OHIO PAROLE BOARD, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Maurice S. Pegg filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner also filed an application to proceed *in forma pauperis*. That application is granted.

**Background**

Mr. Pegg is incarcerated in the Ohio State Penitentiary. He was convicted in 1974 on charges of breaking and entering and carrying a concealed weapon. He was sentenced to 2 to 5 years incarceration, and 3 to 10 years incarceration respectively. He was sent to the Southern Ohio Correctional Facility ("SOCF") to serve his sentences and was paroled in 1978.

Two years later, he was convicted of robbery and was sentenced to 2 to 15 years incarceration in the Chillicothe Correctional Institution. He was paroled one year later in 1981.

Shortly thereafter, Mr. Pegg was arrested for a second robbery. He was sentenced to 5 to 15 years incarceration for this crime. He was returned to SOCF to serve his aggregate sentence of 10 to 40 years incarceration.

Mr. Pegg contends he was assaulted by guards at SOCF in 1983. He filed a lawsuit against the guard in the United States District Court for the Southern District of Ohio and obtained a favorable judgment. He was paroled again in 1988.

Mr. Pegg was arrested several times after he was granted parole. The same year he was conditionally released, he was arrested in Hamilton County for receiving stolen property, Case No. B 8806029, and vandalism, Case No. B 8900389. He pled guilty to these charges in March 1989, in exchange for a suspended sentence of 180 days incarceration and 3 to 5 years probation. He was indicted on charges of aggravated burglary in 1990. He agreed to plead guilty to one count of criminal trespass, a fourth degree misdemeanor, in exchange for a sentence of 30 days in jail.

In December 1991, three months before his final release from parole on his 10 to 40 year sentences, Mr. Pegg was indicted on charges of aggravated trafficking in controlled substances, with specifications, and trafficking in counterfeit controlled substances with specifications. He agreed to plead guilty in March 1992 to trafficking in counterfeit controlled substances, in exchange for dismissal of the other charge and the specifications. He was sentenced to 6 months definite incarceration. This time, Mr. Pegg was returned to prison. He requested that he not be sent to SOCF and was housed in the Lebanon Correctional Institution. After serving the 6 months on his most recent conviction, the Ohio Adult Parole Authority did not release him on parole. He continued his incarceration to serve the remainder of his 10 to 40 year aggregate sentences.

Mr. Pegg added to these sentences in 1988. He was convicted on charges of assaulting a corrections officer, and sentenced to 6 months incarceration, to be served consecutive to the sentences he is currently serving. Thereafter, Mr. Pegg was returned to SOCF. He was transferred to the Ohio State Penitentiary ("OSP") in November 2006.

Since his incarceration in 1992, Mr. Pegg has filed numerous petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and civil rights actions pursuant to 42 U.S.C. § 1983 contesting his continued incarceration beyond the expiration of his 180 day sentence for trafficking in counterfeit controlled substances, and asserting claims that various Department of Rehabilitation and Corrections personnel are keeping him incarcerated to have him killed in retaliation for the judgment he obtained against SOCF corrections officers in 1983. In the United States District Court for the Southern District of Ohio, he filed seven habeas petitions, and thirty-nine §1983 actions.[1] He filed six habeas petitions, and three § 1983 actions in this Court.[2] He has now filed the

---

[1] *See Pegg v. Mitchell*, 1:00-cv-00019-SAS-TSH (S.D. Ohio filed Jan. 12, 2000)(§1983); *Pegg v. Neal*, 1:00-cv-00081-SSB-JS (S.D. Ohio filed Jan. 31, 2000)(§1983); *Pegg v. Wilkinson*, 1:00-cv-00197-HJW-JS (S.D. filed Mar. 14, 2000)(§2254); *Pegg v. Wilkinson*,1:00-cv-00702-HJW-TSH (S.D. Ohio filed Aug. 29, 2000)(§2254); *Pegg v. Wilkinson*, 1:00-cv-00850-HJW-TSH (S.D. Ohio filed Oct. 10, 2000 )(§2254); *Pegg v. Wilkinson*, 1:01-cv-00282-SJD-TSH (S.D. Ohio filed May 8, 2001)(§2254); *Pegg v. Haviland*, 1:02-cv-00211-SJD-TSH (S.D. Ohio filed Mar. 27, 2002)(§ 2254); *Pegg v. Dallman*,1:95-cv-00176-HJW-JS (S.D. Ohio filed Mar. 10, 1995)(§1983); *Pegg v. Timler*, 1:95-cv-00338-SAS-JS (S.D. Ohio filed May 4,1995)(§1983);*Pegg v. Newton,* 1:95-cv-00353-SAS-JS  (S.D. Ohio filed May 10, 1995)(§ 1983); *Pegg v. Evans*, 1:95-cv-00371-SAS-RAS (S.D. Ohio filed May 19, 1995)(§1983); *Pegg, et al v. Parizek*, 1:95-cv-00372-HJW-RAS (S.D. Ohio filed May 19, 1995)(§1983); *Pegg v. Whitt*, 1:95-cv-00438-HJW-JS (S.D. Ohio filed June 12, 1995)(§1983);  *Pegg v. Wilkinson*, 1:95-cv-00469-HJW-JS (S.D. Ohio filed June 20, 1995)(§1983) ; *Pegg v. Stillpast, et al,*1:95-cv-00499-SAS-JS (S.D. Ohio filed June 23, 1995)(§1983); *Pegg v. Cox*, 1:95-cv-00630-HJW-RAS (S.D. Ohio filed July 26, 1995)(§1983); *Pegg v. Whitt*, 1:95-cv-00638-HJW-JS (S.D. Ohio filed July 27, 1995)(§1983); *Pegg, et al v. Brook*, 1:95-cv-01083-SSB-JS (S.D. Ohio filed Dec. 06, 1995)(§1983);*Pegg v. McChary*, 1:96-cv-00170-SSB-LVH (S.D. Ohio filed Feb. 20, 1996)(§1983); *Pegg v. Holland*, 1:96-cv-00186-HJW-JS (S.D. Ohio filed Feb. 22, 1996)(§1983); *Pegg v. Russell*,

within petition for a writ of habeas corpus once again claiming he is being held beyond the expiration of his 180 day sentence for trafficking in counterfeit controlled substances. He further claims that corrections officers at OSP have been citing him for false conduct violations in order to prevent him being granted parole. He contends OSP officials are trying to kill him in retaliation

---

1:96-cv-00281-HJW-JS (S.D. Ohio filed Mar. 20, 1996)(§1983); *Pegg v. Eaison*, 1:96-cv-00282-HJW-LVH (S.D. Ohio filed Mar. 20, 1996)(§1983);*Pegg v. Pharmacy,* 1:96-cv-00283-SSB-JS (S.D. Ohio filed Mar. 20, 1996)(§1983); *Pegg v. Davidson*, 1:96-cv-00284-HJW-LVH (S.D. Ohio filed Mar. 20, 1996)(§1983); *Pegg v. Couch*, 1:96-cv-00285-SAS-JS (S.D. Ohio filed Mar. 20, 1996)(§1983); *Pegg v. French*,1:96-cv-00286-SSB-JS  (S.D. Ohio filed Mar. 20, 1996); *Pegg v. Capots*, 1:96-cv-00288-SSB-JS (S.D. Ohio filed Mar. 20, 1996)(§1983); *Pegg v. Davidson*, 1:96-cv-00303-HJW-LVH (S.D. Ohio filed Mar. 22, 1996)(§ 1983); *Pegg v. Hoffman*, 1:96-cv-00304-SSB-JS (S.D. Ohio filed Mar. 22, 1996)(§1983); *Pegg v. Neal*, 1:99-cv-01037-SAS-TSH (S.D. Ohio filed Dec. 17, 1999)(§1983);*Pegg v. Wilkinson*, 2:00-cv-00023-EAS-TPK (S.D. Ohio filed Jan. 11, 2000)(§1983); *Pegg v. Wilkinson, et al*, 2:00-cv-00207-JLG-TPK (S.D. Ohio filed Feb. 4, 2000)(§ 1983); *Pegg v. Wilkinson*, 2:95-cv-00644-JDH-NMK (S.D. Ohio filed June 26, 1995)(§ 1983)*; Pegg v. Ghee, et al* , 2:95-cv-01007-SSB-TPK (S.D. Ohio filed Oct. 13, 1995 )(§2254); *Pegg v. Ghee, et al* 2:95-cv-01141-GCS-TPK (S.D. Ohio filed Nov. 20, 1995) (§2254); *Pegg v. Ghee*, 2:95-cv-01278-SSB-NMK (S.D. Ohio filed Dec. 29, 1995)(§1983); *Pegg v. Wilkinson*, 2:96-cv-00998-EAS-NMK (S.D. Ohio filed Oct. 2, 1996); *Pegg v. Wilkinson*, 2:96-cv-01128-JDH-TPK (S.D. Ohio filed Nov. 5, 1996)(§1983); *Pegg v. Lawson*, 2:97-cv-00294-GCS-MRA (S.D. Ohio filed Mar. 10, 1997)(§1983); *Pegg v. Ohio Parole Board et al,* 1:09-cv-00100-SAS-TSB (S.D. Ohio filed Mar. 10, 2009)(§2254); *Pegg v. Rusniak*, 1:09-cv-00698-WOB-TSH (S.D. filed Sept. 23, 2009)(§2254 - transferred from ND Ohio); *Pegg v. Davis*, 2:09-cv-00908-ALM-TPK (S.D. Ohio filed Oct. 13, 2009) (§1983); *Pegg v. Ohio Parole Board*, 1:09-cv-00858-MRB-TSB (S.D. Ohio filed Nov. 16, 2009)(§2254); *Pegg v. Ohio Parole Board*, 2:09-cv-01036-JLG-NMK (S.D. Ohio filed Nov. 16, 2009)(§2254).

[2] *Pegg v. Ohio Parole Bd.*, 4:07 CV 244 (N.D. Ohio filed Jan. 29, 2007)(§2254); *Pegg v. Davis*, 4:09 CV 1606 (N.D. Ohio filed July 14, 2009)(§1983); *Pegg v. Collins*, 4:09 CV 1768 (N.D. Ohio filed July 30, 2009)(§1983); *Pegg v. Wolfe*, 4:09 CV 2177 (N.D. Ohio filed Sept. 18, 2009)(§2254); *Pegg v. Ohio Parole Bd.*, 4:09 CV 2180 (N.D. Ohio filed Sept. 18, 2009)(§2254); *Pegg v.Rusnak*, 1:09 CV 2244 (N.D. Ohio Sept. 29, 2009)(§2254); *Pegg v. Ohio Parole Bd.*, 5:08 CV 359 (N.D. Ohio filed Feb. 13, 2008)(§1983); *Pegg v. Ohio Parole Bd.,* 5:08 CV 361 (N.D. Ohio filed Feb. 13, 2008)(§2254); *Pegg v. Ohio Parole Bd.,* 5:08 CV 2621 (N.D. Ohio filed Nov. 6, 2008)(§2254).

for obtaining a favorable judgment against SOFC corrections officers in 1983.

## Analysis

A federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). A habeas petition is appropriate to challenge "the very fact or duration" of the petitioner's physical imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Claims which detail the actions of prison personnel, or claims concerning the conditions the petitioner experiences in prison, must be asserted in a civil rights action. *Id.*

To challenge a conviction, or the length of a sentence, the petitioner must first exhaust all of his state court remedies prior to bringing that claim in a petition for a writ of habeas corpus before the federal court.  The United States Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a theory which is separate and distinct from the one previously considered and rejected in

state court.

In addition, a federal court is not required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus. 28 U.S.C. § 2244(a). A claim presented in second or successive petition under § 2254 shall be dismissed. 28 U.S.C. § 2244(b)(1). To present a new claim in a second or successive petition before the district court, the petitioner must obtain authorization from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

Mr. Pegg has two types of claims in his petition. His first claim, that he is being held beyond the expiration of his 180 day sentence, challenges the duration of his confinement. It therefore is properly raised in a petition for a writ of habeas corpus. Simply choosing the correct type of federal action to file, however, does not guarantee success. In this case, Mr. Pegg has already presented this claim in numerous other petitions for a writ of habeas corpus. Notably, in one of those prior petitions, the United States District Court for the Southern District of Ohio considered this claim at length and determined that the claim was asserted beyond the one year statute of limitations period provided in the statute. *See Pegg v. Wilkinson*, Case No. C-1-00-702 (S.D. Ohio dismissed Nov. 5, 2001). Mr. Pegg did not appeal that decision. Mr. Pegg also filed an identical petition in *Pegg v. Rusnak*, Case No. 1:09 CV 2244, which was dismissed on its merits on December 21, 2009. Because this claim was presented in prior habeas actions and received decisions on its merits, Mr. Pegg cannot continue to assert it in successive petitions until he gets the result he desires. 28 U.S.C. § 2244(b)(1).

The second type of claim Mr. Pegg asserts in his petition, that the prison corrections officers are falsifying conduct charges to prevent him from being released on parole so he can be attacked and killed, are claims which pertain to the conditions of his confinement. They are not challenges to his conviction or to his sentence, but rather object to the way he is being treated in prison. These claims are not properly asserted in a petition for a writ of habeas corpus. *Preiser*, 411 U.S. at 500. They must be asserted, if at all, in a civil rights action under 42 U.S.C. §1983.

Finally, the Court notes that although Mr. Pegg has obtained the same result in the numerous other actions he has filed since his return to prison in 1992, he continues undeterred to file the same or substantially similar actions. Federal Courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[3] Mr. Pegg has established a pattern of filing

---

[3] Other circuits have endorsed enjoining these types of filers. *See Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir.1986); *Cotner v. Hopkins*, 795 F.2d 900 (10th Cir. 1986); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984); *In re Martin-Trigona*, 763 F.2d 140 (2d Cir. 1985); *In re Green*, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); *Green v. Warden*, 699 F.2d 364 (7th Cir. 1983), *cert. denied*, 461 U.S. 960 (1983); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (per curiam); *Gordon v. Dep't of Justice*, 558 F.2d 618 (1st Cir. 1977); *Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972).

§1983 complaints and habeas corpus petitions in this Court and in the Southern District of Ohio which are patently frivolous and vexatious, and which appear calculated to abuse the judicial process. Docket records indicate he filed multiple actions within a short period of time, often on the same day. On March 20, 1996 alone, he filed nine complaints under 42 U.S.C. § 1983. Two additional complaints were filed two days later on March 22, 1996. He filed 12 habeas petitions from September 18, 2009 to November 16, 2009. Mr. Pegg is cautioned that if he continues to file multiple frivolous actions, he may be enjoined as a vexatious litigator.

## Conclusion

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE